FILED
SUPERIOR COURT
OF GUAM

2021 MAR 26 PM 1:33

CLERK OF COURT
BY: _____ SM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| HUIYUN L. PUA,<br><br>Plaintiff,<br><br>vs.<br><br>SYLVAN A. PUA,<br><br>Defendant. | DOMESTIC CASE NO. DM0302-20<br><br><br>**DECISION AND ORDER**<br>(Plaintiff's Motion for Order Allowing<br>Service by Publication) |

This matter is before the Honorable Dana A. Gutierrez pursuant to Plaintiff Huiyun L. Pua's ("Plaintiff") Motion for Order Allowing Service by Publication ("Motion"). Attorney Gary Gumataotao represents Plaintiff, and Defendant Sylvan A. Pua ("Defendant") has not yet been served or made an appearance. Based on a review of the record and applicable law, the Court hereby **DENIES** Plaintiff's Motion.

## DISCUSSION

Plaintiff's Motion alleges that Defendant Sylvan A. Pua ("Defendant") does not reside in Guam and after due diligence cannot be found in Guam; however, Plaintiff's Motion was filed without an accompanying affidavit. Motion, at 2 (Oct. 14, 2020). Plaintiff's Verified Complaint for Divorce states that Defendant's last known address is 788 Pagan Loop Road, Capitol Hill, Saipan, CNMI 96950. Complaint, at 1 (Sept. 10, 2020).

Rule 4 of the Guam Rules of Civil Procedure ("GRCP") only allows for service through publication and mailing as permitted by statute or court order. GRCP Rule 4(o). Title 7 GCA § 14106 is the controlling statute, and specifically allows for service by publication and mailing

instead of personal service under GRCP Rule 4(e)(l) or (2), only when "the person on whom service is to be made has departed from Guam, and cannot, after due diligence, be found in Guam, or conceals himself to avoid the service of summons . . . or who, after due diligence, cannot be found in Guam, and the fact appears **by affidavit** to the satisfaction of the court." 7 GCA § 14106 (emphasis added).

First, Plaintiff's Motion is deficient because it is unaccompanied by an affidavit which is explicitly required under 7 GCA § 14106. Second, Plaintiff's request is based on the assertion that Defendant cannot be found on Guam; however, service by publication and mailing under 7 GCA §14106, in lieu of personal service under GRCP Rule 4, constitutes substituted service which should be permitted in limited circumstances.

Title 7 GCA § 14106 was adopted from the California Code of Civil Procedure ("CCCP") §§ 412.10, *et. seq*. Particularly, California permits service by publication under CCCP § 415.50, which is substantively similar to 7 GCA § 14106. Where a Guam statute is derived from a California statute, California cases interpreting the statute are highly persuasive, and the Superior Court of Guam should follow California precedent unless there is a compelling reason to deviate from the California law. *See, e.g., People v. Hall*, 2004 Guam 12 ¶ 18; *Fajardo v. Liberty House Guam*, 2000 Guam 4 ¶ 17; *Cruz v. Cruz*, 2005 Guam 3 ¶ 9.

When serving a summons, "[a]ll means other than personal delivery to the defendant are considered substituted service, and personal service must have been diligently attempted before substituted service may be performed." *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 613 (C.D. Cal. 1995). The notions of fair play and due process require that substituted service by publication be "a last resort when reasonable diligence to locate a person in order to give him notice" have been made "before resorting to the fictional notice afforded by publication[.]"

2

*Calvert v. Al Binali*, 29 Cal. App. 5th 954, 241 Cal. Rptr. 3d 42, 49-50 (Cal. App. 2018) (internal citations omitted).

In light of California case law regarding service by publication, this Court finds that 7 GCA § 14106 provides a method of substituted service to be employed only where personal service is impracticable, unavailable, or where diligent efforts have been unavailing. *See Calvert*, 241 Cal. Rptr. 3d at 49-50; *Olvera v. Olvera*, 232 Cal. App. 3d 32, 283 Cal. Rptr. 271, 277 (Cal. App. 1991); *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 150 Cal. Rptr. 855, 858 (Cal. App. 1978).

Here, Plaintiff identifies a known address for Defendant which is located in Saipan. Complaint, at 1 (Sept. 10, 2020). Further, Plaintiff does not detail any efforts made to personally serve Defendant at his known address, and as previously mentioned, Plaintiff's Motion is unaccompanied by affidavit as required under 7 GCA § 14106. Prior to exercising due diligence to serve Defendant by other means reasonably calculated to give actual notice—such as personal service—and detailing such efforts by affidavit, it is improper for Plaintiff to request for service by publication and mailing on the Defendant, whose residence is known.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Order Allowing Service by Publication is hereby **DENIED**.

**SO ORDERED** this 26th day of March, 2021.

**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**

I acknowledge that an electronic
copy of the original was e-mailed to:

Date: _____ Time: 3/26/21

Deputy Clerk, Superior Court of Guam

3